JULIA G. BROOKS ET AL. v. THE INHABITANTS OF THE
TOWNSHIP OF UNION, IN THE COUNTY OF BERGEN.

Argued February 19, 1902—Decided June 9, 1902.

1. The power to sell lands for taxes is a naked power, and the burden
   is upon the purchaser, when the validity of his title is challenged,
   to show affirmatively that every statutory requirement essential
   to the exercise of the power has been complied with.
2. In the present case the failure to show from the record or by
   evidence *aliunde* that adjournments, if made, were lawfully made
   and advertised; that any notice of the sale was posted at or near
   the land sold; or that proof of the publication and mailing of
   the notice of sale was taken and returned with the warrant as
   required by the statute (*Gen. Stat., pp.* 3353, 3356, ¶¶ 333, 349),
   was held fatal to the validity of the tax sales.
3. Section 556 of the Tax act (*Gen. Stat., p.* 3406), which enacts that
   where the sale has been made to the township, the proceedings
   shall not be set aside, except upon condition that the tax assessed,
   with interest, be paid by the party prosecuting the suit, only applies
   to cases where the defects complained of are insufficiency of the
   description of the land assessed or failure of the township clerk
   to record all the proceedings.
4. Where the possession of the prosecutors has not been disturbed,
   lapse of time will not bar the suit.

On *certiorari*.

Before Justices FORT, HENDRICKSON and PITNEY.

For the prosecutors, *Hartshorne, Insley & Leake*.

For the defendant, *Joseph A. McCreery*.

The opinion of the court was delivered by

HENDRICKSON, J.   The prosecutors of this writ are seeking
to set aside as invalid certain sales of lands for taxes made
by the collector of the township of Union, in the county of
Bergen.   The assessments read: "Heirs of J. C. Van Horn,
blocks 2, 3 and 6, block 7, plots 146 to 153 and 158 to 170."
The amounts of the taxes were, for 1893, $132.06; for 1894,

$142.39. The sale for each year's tax took place in the year following, and the township became the purchaser at each sale for the term of thirty years. The taxes, interest, costs and expenses of sale were paid by the township, and the amount thus paid, with the subsequent taxes assessed thereon, must be paid by the owners in order to redeem.

The prosecutors are three of the children and heirs of J. C. Van Horn, and the lands so sold came to them through a partition of the latter's estate. From the depositions taken it would seem probable that the land would have been redeemed, by a settlement of the township claim, without a resort to this action, had the township authorities been disposed to recognize a payment of $850 made to a special collector of the township committee by the owners, who defaulted and embezzled the funds.

Upon this subject the stipulations show that on July 3d, 1899, the township committee at a regular meeting, by resolution, authorized such special collector to collect the back taxes of the years from 1890 to 1898, inclusive, on a commission of fifteen per cent., and report at each regular meeting the amount collected. On August 7th following, such special collector was required by resolution of the committee to furnish a bond for the faithful performance of his duties as tax collector. He filed such bond with a surety in the sum of $1,000, which was accepted at a regular meeting of the committee on September 6th, 1899.

It further appears that the committee, at a regular meeting on May 1st, 1899, by resolution, ordered that a quit-claim deed should be granted on the property in question "on payment of the full amount of taxes—$850—due, without interest." This amount was paid to the special collector in different payments, covering the period from September 26th, 1899, and March 3d, 1900, he giving receipts for the same as attorney and special collector of Union township, the last one stating the payment to be "in full for taxes due the township of Union from the Van Horn estate."

The special collector reported to the committee at regular meetings, from time to time, between August 7th, 1899, and

May 7th, 1900, but failed to report any of the collections made of the taxes upon the Van Horn estate. Later on the tax collector of the township and the committee also refused to recognize the validity of the previous payments, and demanded payment of all arrears of taxes upon the property. Thereupon this writ was issued to test the validity of the tax sales.

One of the grounds upon which the legality of the sales is challenged is that the sales were made on a day subsequent to the date for which the notice of sale was given, without anything to show that there was an adjournment, and if so, that the adjournments were made and advertised as required by the statute.

Upon reference to the return and record, we find that the sale of 1894 was advertised for September 12th, but was not made until November 19th. We also find that the sale of 1895 was advertised for October 7th, but was not made until December 28th. The sales were probably adjourned, but if they were it should be shown by the record or by evidence *aliunde.* If the sale was adjourned, was the adjournment made upon the statutory grounds, and was it duly advertised as required. *Gen. Stat., p.* 3353, ¶ 333. Neither the record nor the depositions make any answer to these questions.

Another ground urged for the setting aside of the sales is that there is no evidence that any notice of sale was posted at or near the land sold. The statute requires this also. *Gen. Stat., p.* 3353, ¶ 333. The record is also deficient as to showing proof of publication and of mailing the notice of sale. The statute requires such proof to be taken and returned with the warrant and recorded. *Gen. Stat., p.* 3353, ¶ 333; *Id., p.* 3356, ¶ 349.

In the well-considered case of *Jones* v. *Landis,* 21 *Vroom* 374, the failure to show a compliance with the requirements of the statute in the respects above alluded to was held to be fatal to the validity of the tax sale.

The principle is well settled that the power to sell lands for taxes is a naked power, and that the burden is upon the purchaser at such a sale, when the validity of his title is chal-

lenged, to show affirmatively that every statutory requirement essential to the exercise of the power has been complied with. *Woodbridge* v. *Allen,* 14 *Vroom* 262; *Fleischauer* v. *West Hoboken,* 11 *Id.* 109; *Jones* v. *Landis, supra; Baxter* v. *Jersey City,* 7 *Vroom* 188.

Upon the grounds already discussed we think the sales were illegal and should be set aside, and therefore it is unnecessary to consider the other reasons.

Since the prosecutors have not been dispossessed of the lands, the lapse of time is no bar to this suit. *Evans* v. *Jersey City,* 6 *Vroom* 381; *Baxter* v. *Jersey City, supra.*

In the brief of counsel for the township no effort is made to uphold the legality of the proceedings, but it is contended that the prosecutors should only be granted relief on terms of paying the taxes due and interest. Section 556 of the Tax act (*Gen. Stat., p.* 3406) is relied on as authority for this contention. But upon reference to that section and the preceding one, it will be found that such terms are only imposed where the defects complained of are insufficiency in the description of the lands assessed or the failure of the township clerk to record all the proceedings relative to such sales in the book of minutes. The defects here disclosed are more fundamental in character and are not within the statute referred to.

Unless our duty was clear in this respect, we would not feel at liberty to impose such a condition in this case, which would deprive the prosecutors of an opportunity to have the question of the validity of their previous payments passed upon by the court. That could not be done in this proceeding, because the question was not within the issue now before us.

The result is that the sales are set aside, with costs.